IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHNNY SLOAN, JR., )<br>  Petitioner, )<br> )<br>v. )<br> )<br>LORIE DAVIS, Director, TDCJ-CID, )<br>  Respondent. ) | No. 3:16-CV-1100-B |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I.  Background**

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his conviction for capital murder. *State of Texas v. Johnny Sloan, Jr.,* No. F-0001283-SQ (204th Dist. Ct., Dallas County, Tex., Aug. 25, 2000). Petitioner was sentenced to life in prison. On July 3, 2001, the Fifth District Court of Appeals affirmed. *Sloan v. State*, No. 05-00-01431-CR, 2001 WL 743376 (Tex. App. – Dallas 2001, no pet.). On April 22, 2012, Petitioner's motion for rehearing was denied. Petitioner did not file a petition for discretionary review.

On August 9, 2013, Petitioner filed a state habeas petition challenging his conviction. *Ex parte Sloan*, No. 51,903-03. On October 7, 2015, the Court of Criminal Appeals denied the

petition without written order on the findings of the trial court.

On April 14, 2016, Petitioner filed the instant § 2254 petition.  He argues:

1. The state habeas court denied his right to fundamental fairness and due process of law when it disposed of his claims for reasons unrelated to the merits;

2. The trial court violated his right of confrontation by admitting testimonial evidence over defense counsel's objection;

3. The trial court abused its discretion by admitting expert blood splatter testimony;

4. The trial court admitted evidence in violation of defense counsel's motion in limine;

5. The prosecutor committed misconduct by failing to correct false testimony and by mischaracterizing evidence;

6. The prosecutor expressed his personal opinion of Petitioner's guilt during the guilt/innocence phase of trial;

7. He received ineffective assistance of counsel when trial counsel failed to:

    a. Strike a juror who expressed bias towards individuals who illegally carry a gun;

    b. Challenge the state's blood evidence;

    c. Investigate and effectively cross-examine witnesses, and raise a theory of actual innocence;

    d. Object to hearsay;

    e. Present an expert witness to challenge the state's ballistic expert;

    f. Challenge the impermissibly suggestive identification procedure;

      G.     object and request a mistrial when the court admitted evidence that petitioner carried a 9 mm pistol; and

8. His right to due process was violated when the prosecutor elicited testimony that he carried a 9 mm pistol.

On August 10, 2016, Respondent filed a motion to dismiss the petition as time-barred. On October 3, 2016, Petitioner filed a response. The Court now finds Respondent's motion to dismiss should be granted.

## II. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of--

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

On April 22, 2002, the Fifth District Court of Appeals denied Petitioner's motion for rehearing. Petitioner did not file a petition for discretionary review. His conviction therefore became final thirty days later, on May 22, 2002. *See* Tex. R. App. P. 68.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until May 22, 2003, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). In this case, however, Petitioner's state habeas petition was filed after the one year limitations period expired. The petition therefore did not toll the limitations period.

Petitioner was required to file his federal petition by May 22, 2003. He did not file his petition until April 14, 2016. The petition is therefore untimely under § 2244(d)(1)(A).

Petitioner claims his petition is timely under § 2244(d)(1)(D) because he learned the factual predicate of his claims after his conviction became final. He states he has newly discovered evidence that he received ineffective assistance of counsel when counsel failed to thoroughly investigate the blood evidence and retain expert witnesses.

---

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**    Page -4-

At trial, the State's forensic biology expert, Timothy Sliter, testified that stains on Petitioner's shoes tested positive under a presumptive test for blood. (ECF No. 17-14 at Page ID 243.) Petitioner submits a January 9, 2012, declaration from Dr. Harry J. Bonnell and a January 25, 2012, letter from John Plunkett of the Laboratory and Forensic Medicine Associates, in which they state that a positive presumptive test for blood is insufficient to establish the actual existence of blood. (ECF No. 4 at Page ID 37, 44.) This evidence, however, was elicited at trial. On cross-examination Sliter testified that a positive presumptive blood test does not necessarily mean that blood is actually present. (ECF No. 17-14 at Page ID 246.) This claim therefore does not constitute new evidence that was not available at trial.

Plaintiff also submits a May 7, 2015, affidavit from Dr. Bonnell in which Bonnell states defense counsel should have retained a forensic pathology expert, a DNA expert and a ballistics expert to help him analyze the accuracy and credibility of the State's reports. (ECF No. 4 at Page ID 39.) Dr. Bonnell's conclusory statements, however, do not establish new evidence or a new factual predicate for Petitioner's claims. Petitioner has failed to show his petition is timely under § 2244(d)(1)(D).

**B. Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of

action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner claims he could not timely file his habeas petition because he was unable to afford a copy of his trial transcripts.  Petitioner, however, has failed to show that the lack of his trial transcripts prevented him from filing his habeas petition.  Additionally, Petitioner has failed to show he diligently pursued his habeas remedies.  *See Coleman,* 184 F.3d at 402 (5th Cir. 1999) (stating that for equitable tolling to apply, a petitioner must diligently pursue his court remedies).  Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling.

**C.     Actual Innocence**

Plaintiff claims he should be excused from the statute of limitations because he is actually innocent.  The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013).  A petitioner who claims actual innocence, however, "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*.  As discussed above, Petitioner cites a declaration and affidavit from Dr. Bonnell and a letter from John Plunkett to argue that his counsel was ineffective for failing to challenge the presumptive blood test evidence, and obtain expert witnesses.  The record shows defense counsel challenged the presumptive blood test evidence at trial, and that the

State's witness agreed that a positive presumptive blood test does not necessarily mean that blood was present. Further, Dr. Bonnell's conclusory affidavit that defense counsel should have obtained expert witnesses does not constitute new evidence of actual innocence and fails to establish that it is more likely than not that no reasonable juror would have convicted Petitioner in light of the affidavit. Petitioner's actual innocence claim is insufficient to excuse him from the statute of limitations.

## III.  Recommendation

The Court recommends that Respondent's motion to dismiss the petition as barred by the one-year limitation period be granted.

Signed this 17th day of January, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO OBJECT</u>**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).